# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1050V
### Filed: January 12, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| AMY FOGG, | \* |
| | \* |
|     Petitioner, | \*   Ruling on Entitlement; Concession; |
| v. | \*   Cause-in-fact; Tdap; Shoulder Injury |
| | \*   Related to Vaccine Administration |
| SECRETARY OF HEALTH | \*   (SIRVA) |
| AND HUMAN SERVICES, | \* |
| | \* |
|     Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RULING ON ENTITLEMENT[1]

**Vowell**, Special Master:

On October 28, 2014, Amy Fogg filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that Ms. Fogg suffered a left shoulder injury as a result of the administration of a tetanus, diphtheria, and pertussis ("Tdap") vaccination on February 12, 2014. (Petition at p. 1.)

On January 12, 2015, respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 3. Specifically, respondent submits that "petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration (SIRVA.)" and respondent "further agrees that petitioner's SIRVA was caused-in-fact by the Tdap vaccination she received on February 12, 2014. No other cause for petitioner's SIRVA were identified." Respondent's Report at 3. Respondent concluded that "based on the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

current record, petitioner has satisfied all legal prerequisites for compensation under the act." *Id.*

  **In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

        <u>**s/Denise K. Vowell**</u>
        Denise K. Vowell
        Chief Special Master